UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MATHANGI ARULPRAGASAM,

                       Petitioner,

               v.

BENJAMIN BRONFMAN,

                       Respondent.

**MEMORANDUM & ORDER**
13-CV-2472 (MKB)

-------------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

     On April 24, 2013, Petitioner Mathangi Arulpragasam filed a petition under the Hague Convention on the Civil Aspects of International Child Abduction as implemented in the United States by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.*, seeking an order directing Respondent Benjamin Bronfman to refrain from retaining their son in New York and allowing Petitioner and son to return to England.

     At a conference with the parties on May 15, 2013, the Court asked Petitioner to provide legal authority to support her request that this proceeding be filed and maintained under seal. On May 20, 2013, Petitioner submitted a three-page letter proposing the redaction of certain information from the record, instead of the sealing of the entire proceeding. Petitioner requests that the following information be redacted from all court filings:

1. "[A]ll identifying information about the [c]hild (to protect his privacy and safety), including his name, the school he is now attending" and certain other personal information regarding the child;

2. "[I]dentifying information about [P]etitioner (to protect her safety and effectuate the [c]hild's privacy concerns)," to include Petitioner's home address and other personal information; and

3. "[T]he names of the parties (to effectuate the foregoing), including revision of the caption to be 'Anonymous v. Anonymous.'"

Respondent does not object to these proposals.

Petitioner argues that these requests are reasonable and should be allowed by this Court for several reasons. First, Petitioner notes that protecting the privacy of information relating to children and custody issues is standard practice under New York law where all matrimonial files are closed to the public. Whether or not this is the case,[1] as Petitioner is fully aware, this action (a) is not a child custody case, and (b) is governed not by New York law, but by a treaty which Petitioner does not assert provides for the sealing of this proceeding. Next, Petitioner argues that the Second Circuit's decision in *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), supports the redaction of the personal information requested. The Court agrees with Petitioner that some of the information that Petitioner seeks to redact from the filings should be redacted. Indeed, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, parties are required to redact certain personal information from all documents filed with the Court, including the name of the child. As to the other personal information Petitioner seeks to redact, the Court finds that such information should be redacted from all filings. The Court grants Petitioner's request as to requests one and two above, i.e., the redaction of personal information about the child as identified in Petitioner's May 20, 2013 letter and the redaction of personal information about Petitioner as identified in the May 20, 2013 letter.

The Court denies Petitioner's third request which seeks to conceal the identity of the parties in this case and to identify them as Anonymous v. Anonymous. Petitioner's only argument in support of this request is that "removing the parties' names from the caption will lessen the likelihood of interest being directed toward" the case. However, as the Court

---

[1] The Court has no knowledge of New York State matrimonial law and Petitioner did not cite to any case law.

informed the parties at the conference, the public's interest in Petitioner is not a legal basis for sealing this proceeding, nor is it a legal basis for anonymity. In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit discussed the standard governing the use of pseudonyms in civil litigation. 537 F.3d 185, 189–90 (2d Cir. 2008). The court stated that "the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, we . . . hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The Second Circuit reasoned as follows:

> This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. We note with approval the following factors, with the caution that this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," *Zavaras*, 139 F.3d at 803; *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson*, 6 F.3d at 238; *see also Zavaras*, 139 F.3d at 803; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.*, 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Zavaras*, 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.*, 214 F.3d at 1068, particularly in light of his age, *see Jacobson*, 6 F.3d at 238; *see also Del Rio*, 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson*, 6 F.3d at 238; *Frank*, 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.*, 214 F.3d at 1068; (7) whether the plaintiff's identity

has thus far been kept confidential, *see Del Rio*, 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, *see Advanced Textile Corp.*, 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Del Rio*, 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Aware Woman Ctr.*, 253 F.3d at 687.

*Id.* at 189–90. *See also Andersen v. N. Shore Long Island Jewish Healthcare System's Zucker Hillside Hosp.*, No. 12 Civ. 1049, 2013 WL 784344, at *3–4 (E.D.N.Y. Mar. 1, 2013) (denying a plaintiff's motion to proceed anonymously where a balancing of the factors set forth by the Second Circuit in *Sealed Plaintiff* did not weigh in her favor, but allowing for redaction of limited identifying information such as plaintiff's passport number).

Although Respondent does not oppose Petitioner's requests, Petitioner has not convinced this Court that the balance of these factors weighs in her favor. Accordingly, Petitioner's application to proceed without identifying the parties and to have the caption of this proceeding identified as "Anonymous v. Anonymous" is denied.

The parties are ordered to publicly file a redacted Complaint and Answer no later than one week from the date of this order. All documents filed with the Court must be filed publicly. If the parties need to redact personal information from other documents to be filed with the Court, unredacted copies of those documents must be filed under seal via ECF.

SO ORDERED:

S/ MKB

MARGO K. BRODIE
United States District Judge

Dated: May 21, 2013
      Brooklyn, New York